[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON RESPONDENT'S MOTION FOR RECONSIDERATION
This Court has reviewed the briefs of both parties in regard to Respondent's Motion for Reconsideration of this Court's ruling ordering disclosure of the identity of the informant. The Court has also reviewed the transcript of the hearing of November 14, 2002.
This Court is not concerned with the timing issue or the issue of jurisdiction. The Court has the following concerns:
1. If the State had derogatory, admissible information about any of the witnesses that testified against the Petitioner at the criminal trial, that is usually exculpatory material which is to be turned over to the defense prior to the trial. As far as Mr. Rosemond is concerned, whether or not he was a confidential informant paid by the police, what his criminal background is, if any, and whether and how he participated in the crime subject of the prosecution and whether he received immunity all is exculpatory material which should have been turned over to the defendant for use on cross-examination to attack his credibility. If the State had this information, whether or not it was requested defense counsel, and did not turn it over to the defense, that appears to be a violation of Brady v. Maryland. Therefore, the Court at this time believes that such information should be turned over at least to the Court in camera to see whether or not there was a Brady violation which can be sufficient to overturn a conviction. Now that we have gotten into this subject, the same information should be furnished as to the other two alleged partners in the crime. As stated in the transcript of the last hearing, I have repeatedly stated, which is the law, that the police are an arm of the prosecution, and if the police had knowledge of the informant, that imputes such knowledge to the State which must turn over the exculpatory material. Depending upon how valuable the exculpatory material is, failure to turn it over under Brady could warrant a new trial. CT Page 1164
2. As to the issue of ineffective assistance of counsel, the question is whether or not Attorney Collins. attorney for the defendant, ever cross-examined Rosemond and/or the other witnesses who testified against the defendant and to what extent did he get into prior record, immunity, payment, etc.? Further, what kind of an effort did he make to obtain this potential exculpatory material? As stated in the Toccaline case of which both counsel should be familiar,[1] it is not enough for counsel to rely upon an open file policy. Counsel must at least make a motion for disclosure of all Brady material and specify where possible the specific information he is requesting. If there was such exculpatory material and Attorney Collins did not make sufficient effort to obtain it, that may well be ineffective assistance of counsel. The Court would expect counsel for the Petitioner to furnish this Court with a transcript of Attorney Collins' cross-examination of the witnesses against the defendant.
This Court would expect the State to turn over to the Court in camera the identity of the confidential informant, whether or not he/she received immunity and/or payment, and the criminal background of Mr. Rosemond as well as the criminal background of the other witnesses who testified against the defendant including whether or not they were paid or granted immunity.
This Court is hereby granting the Respondents Motion for Reconsideration but has not yet reached a decision as to whether or not to issue the above orders. This Court will give both counsel an opportunity for re-arguing these issues, and to do so, you should call Civil Caseflow at 548-2703 asking for Lisa, and if she is not there, asking for Jean to either set up a time for reargument or indicate that no reargument is requested in which case this Court will make its decision without further argument.
 ___________________ Rittenband, JTR